UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: MINUTE MAID POMEGRANATE
BLUEBERRY FLAVORED JUICE BLEND
MARKETING AND SALES PRACTICES
LITIGATION                                                                                          MDL No. 2593


ORDER DENYING TRANSFER


**Before the Panel:**[*] Defendants The Minute Maid Company and The Coca-Cola Company (collectively, Coca-Cola) move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Central District of California. This litigation consists of two actions pending in the Central District of California and the Northern District of Florida, as listed on Schedule A. Plaintiffs in both actions oppose centralization.

On the basis of the papers filed and the hearing session held, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. These actions unquestionably share some common factual questions relating to plaintiffs' allegations that Coca-Cola's labeling and marketing for its "Pomegranate Blueberry Flavored Blend of 5 Juices" (the Juice) is misleading because it suggests that the Juice is primarily composed of pomegranate and blueberry juices, when in fact the predominant juices in the product by volume are apple and grape juices. We are not convinced, though, that these common issues are sufficiently complex or numerous to warrant the creation of an MDL. There is no dispute over the ingredients of the Juice, only whether its labeling and marketing are deceptive with respect to those ingredients. Centralization is unnecessary for such a straightforward marketing and sales practices docket. *See, e.g.*, *In re Kashi Co. Mktg. & Sales Practices Litig.*, 959 F. Supp. 2d 1357, 1358 (J.P.M.L. 2013) (denying centralization of cases alleging that defendant misleadingly listed "evaporated cane juice" or "evaporated cane juice crystals" on the labels of certain products).

Furthermore, where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Coca-Cola has not met that burden here. Besides the relative simplicity of the factual issues, only two actions are at issue. These actions do not involve overlapping putative classes—each is limited to consumers residing in either California or Florida. Thus, the potential for inconsistent pretrial rulings is greatly diminished. Also, the first-filed *Saeidian* action has been pending for more than five years, and much (if not all) of the discovery in that action has been completed. To the extent there is any possibility of duplicative discovery or inconsistent pretrial rulings, voluntary cooperation and

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

-2-

coordination among the parties and the involved courts is a preferable alternative to centralization. *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| Marjorie O. Rendell | Charles R. Breyer |
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | |

**IN RE: MINUTE MAID POMEGRANATE
BLUEBERRY FLAVORED JUICE BLEND
MARKETING AND SALES PRACTICES
LITIGATION**                                                          MDL No. 2593

## SCHEDULE A

<u>Central District of California</u>

SAEIDIAN v. THE COCA COLA COMPANY, C.A. No. 2:09-06309

<u>Northern District of Florida</u>

STANSFIELD, ET AL. v. MINUTE MAID COMPANY, ET AL., C.A. No. 4:14-00290